[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this residential summary process action, the plaintiff seeks possession of the premises for nonpayment of rent. Among other defenses, the defendant alleges that the plaintiff was not in compliance with §§ 47a-4a, 47a-5 and 47a-57 in that he failed to obtain a certificate of occupancy for the premises and that he was in violation of the housing code for the city of New Britain.
 I
The following pertinent facts are not in dispute. The defendant is in possession of the premises. No rent was paid for the month of December 1994. The plaintiff did not possess a certificate of occupancy for the premises occupied by the defendant. The plaintiff had not applied for nor had been issued a certificate of occupancy for the defendant's initial occupancy of the premises.
In addition, based upon the evidence produced at trial, the court finds CT Page 1198-U the following facts. When the defendant began her tenancy at the plaintiff's premises, the ordinances of the City of New Britain contained a provision requiring a certificate of occupancy for certain dwelling units under the provisions of C.G.S. § 47a-57. On or about November 16, 1994, the New Britain Common Council amended its ordinances to repeal § 13-236, the requirement for certificates of occupancy. The Mayor signed the amendment on November 21, 1994. The defendant introduced a certified document signed by the City Clerk of New Britain indicating that the amendment was published in the Common Council Proceedings on December 16, 1994. (Court Ex. 1). The premises occupied by the defendant are located in a structure that contains three or more units.[1]
 II
C.G.S. § 47a-57 requires a landlord to obtain a certificate of occupancy for a dwelling unit "in any structure containing three or more housing units" when the municipality has adopted this statutory provision. Under this statute as well as § 47a-5, no rent is recoverable for the period of time the unit is without a certificate. The issue in this case is whether the New Britain ordinance requiring a certificate of occupancy under § 47a-57 was in effect as to this action for summary process. If CT Page 1198-V it was, then the plaintiff cannot prevail.
C.G.S. § 7-157 provides for the publication of ordinances enacted by the legislative body of any city. Under the statute, the effective date for the ordinance is "thirty days after publication thereof in some newspaper having a circulation in the municipality in which it was enacted." The final sentence of (a) reads: "Cities and other municipalities whose charter provides for the manner in which they may enact ordinances may enact ordinances in such manner." The Charter of the City of New Britain contains the following:
Sec. 1-10 Publication of Ordinances.
 No ordinance shall be operative until it has been published. Publication shall be sufficient if made in a newspaper published and circulated in the city or if made in a book or pamphlet form or in the printed "Proceedings of The Common Council."
Since publication pursuant to the above provision took place on December 16, 1994, the court finds that the ordinance requiring a certificate of occupancy was in effect on December 12, 1994, the date CT Page 1198-W the plaintiff served his notice to quit. More significantly, the ordinance was in effect during the period of time the plaintiff claims nonpayment as the basis of this action. The defendant has met her burden of proof as to the special defense alleging § 47a-5. Accordingly, the plaintiff cannot prevail on his complaint based on nonpayment of rent.[2] Conaway v. Prestia, 191 Conn. 484,490-491 (1983).
Judgment may enter in favor of the defendant.
Alexandra Davis DiPentima, Judge